Paul James Toscano, Bar #3280
The Law Office of Paul Toscano, P.C.
10 Exchange Place, #614
Salt Lake City, UT 84111
Telephone: (801) 359-1313
Email: ptoscano@expresslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re: | Case No.: 15-29773 RKM |
|---|---|
| BRENT AND JO-ANN CHRISTENSEN | Chapter: 7 |
| Debtor | FILED ELECTRONICALLY |

**DEBTOR'S RESPONSE OBJECTING TO TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION**

Debtor Brent and Jo-Ann Christensen (jointly "Debtor"), by and through Debtor's counsel of record, hereby files a Response to the Trustee's Objection to Debtor's Exemption on the following grounds:

RELEVANT FACTS

1. On October 19, 2015, Debtor filed the above captioned no-asset Chapter 7 bankruptcy case. In Schedules A and C, Debtor disclosed property interests in the residential realty located at 6358 Jamestown Court, Murray UT 84121 (the "Residence") and in a homestead exemption claimed on the Residence. The Residence was purchased by the Debtor in 1979 for a purchase price of $115,000.00 and has been continuously occupied by the Debtor since that year. On the Petition Date and thereafter Debtor

1

was and has remained current on payments under the 1st Trust Deed Note secured by the Trust Deed encumbering the Residence. Debtor was not on the Petition Date and is not now delinquent on property taxes or property assessments on the Residence.

2. On November 19, 2015, at 8:30 a.m., Debtor and Debtor's counsel attended the regularly scheduled First Meeting of Creditors conducted by Chapter 7 trustee, Gary E. Jubber ("trustee"), a principal and employee of the law firm of Fabian VanCott, located at 215 South State Street, Suite 1200, Salt Lake City, UT 84111-2323.

3. On or about December 18, 2015, the Chapter 7 trustee filed or caused to be filed an Application for a court order approving the employment of Fabian VanCott as attorneys for the trustee in the above-captioned case. That Application was approved by this Court's Order entered on December 28, 2015.

4. On December 18, 2015, the trustee caused his attorneys to file in this case the Trustee's Objection to Debtor's Exemption (the "Objection"), objecting to Debtor's claim of homestead exemption in the Residence. Debtor's counsel received a copy of trustee's Objection via ECF. Neither a Notice of Motion and Hearing nor a Notice of Motion and Opportunity for Hearing required by Local Rule 9013-1(d) was filed with the Court or provided to Debtor or Debtor's counsel and no deadline was set for the filing by the Debtor of a response or objection to the trustee's Objection to the homestead exemption claimed by Debtor on Schedule C.

5. On January 22, 2016, a Discharge Order dated January 20, 2016, was entered in this case.

6. On or about January 23, 2016, Debtor's counsel received a telephone call from the trustee, who informed Debtor's counsel of the trustee's intent to liquidate the

Residence. Debtor's counsel informed the trustee that, given the value of the Residence (based on the Salt Lake County Treasurer's year 2015 assessment of $351,000.00 and the encumbrances believed to be in excess of $465,221.40, there was no equity in Residence that could inure to the benefit of unsecured creditors or pay costs of sale without diminishing the homestead exemption or the equities in the Residence to which valid consensual liens or tax liens attached.

7. The encumbrances on the Residence to be paid upon a trustee's sale, including those set forth in Debtor's Schedules C and D and E as well as estimates of the trustee's costs of sale, include:

   a. A 1st Trust Deed on the Residence securing a 1st Trust Deed Note with a payoff amount of approximately $300,000,
   b. A homestead exemption on the Residence of $60,000,
   c. Federal ($43,562.49) and Utah State ($2,658.91) tax liens encumbering the Residence in the total amount of $46,221.40,
   d. A prospective real estate commission for sale of the Residence of $18,000,
   e. Trustee's costs of sale of the Residence of at least $6,000, and
   f. Capital gains tax in an estimated amount in excess of $35,000.

8. In the telephone conversation referenced above, the trustee instructed Debtor's counsel to provide several tentative dates on which the trustee and/or a realtor could inspect the Residence, evidently to determine its value.

9. On January 28, 2016, the dates requested were provided to the trustee. On January 29, 2016, February 1, 2016 at 10:00 a.m.

10. On January 29, 2016, the trustee filed a Application for Order Authorizing the Trustee to Employ Real Estate Agent (namely, D. Kip Swan and Keller Williams Salt Lake City) and requesting the Court to authorize payment to the realtor of a 6% commission out of gross sale proceeds. A pending order approving the Application was filed, but as of this writing has not been executed by the Court.

11. As of this writing, the trustee's and his realtor's inspection and evaluation of the Residence has not taken place.

## LAW AND ARGUMENT

12. The Constitution of the State of Utah, Article XXII, Section 1, requires the Utah legislature to create a homestead exemption provision by statute.

13. The constitutionally mandated statutory homestead exemption in Utah State is codified as the Utah Exemptions Act (UCA §78B-5-501, *et seq.*).

14. Based upon the Utah Exemptions Act, Debtor believes that the trustee's Objection to Debtor's homestead exemption is without basis in law or equity, for the following reasons:

    a. In Utah, a homestead exemption is not a lien on property; therefore, there exists no requirement there must exist equity in a residence to support the homestead exemption claim. The trustee has cited no authority to support his contention to the contrary.

    b. Even if a homestead exemption were claimed without initial evidence of the existence of equity in a residence, it may later be found that such equity actually exists, or in the future there may develop equity that would be protected by the homestead exemption claim.

    c. Pursuant to UCA §503(3), a homestead exemption claimed under the Utah Exemptions Act "is exempt from judicial lien and from levy, execution, or forced sale, except for: (a) statutory liens for property taxes and assessments on property, (b) security interests in the property or judicial liens for debts created for the purchase of the property, (c) judicial liens obtained on debts created by failure to

provide support or maintenance for dependent children, and (d) consensual liens obtained on debts created by mutual contract." Therefore, in the instant case, Debtor's homestead exemption is subordinate to the 1st and 2nd Trust Deed security interests in the residence, but takes priority over any income tax lien or levy or any non-domestic support judicial lien, including the administrative costs of sale of the trustee, whose priority, pursuant to 11 U.S.C. §544(a), is that of the holder of a judicial lien.

d. Consequently, there appears to be no basis in law for the Court to uphold the trustee's objection to the Debtor's homestead exemption.

Based on the foregoing, and other arguments that may be presented at the hearing on this Response, the Debtor requests that the Court overrule the trustee's Objection to Debtor's (homestead) Exemption.

                                        Dated this 29th day of January, 2016
                                        ____/S/_____

                                        Paul Toscano, attorney for Debtor

## **CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on January 30, 2016, I electronically filed the foregoing **DEBTOR'S RESPONSE OBJECTING TO TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user and will be served through the CM/ECF system:

- Gary E. Jubber tr    gjubber@fabianvancott.com, UT07@ecfcbis.com;mparks@fabianvancott.com;mdewitt@fabianvancott.com
- Douglas J. Payne    dpayne@fabianvancott.com, mdewitt@fabianvancott.com;smcnett@fabianvancott.com
- Paul James Toscano    ptoscano@expresslaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

_____/S/_____Paul Toscano, attorney for Debtor(s)