Gary E. Jubber, A1758
Douglas J. Payne, A4113
FABIAN VANCOTT
215 South State Street
Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900

Attorneys for Gary E. Jubber, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>BRENT DAVID CHRISTENSEN AND JO-ANN HALL CHRISTENSEN,<br><br>Debtors. | Bankruptcy No. 15-29773 RKM<br>(Chapter 7)<br><br>**OBJECTION TO DEBTORS' HOMESTEAD EXEMPTION** |

Gary E. Jubber, the former Chapter 7 trustee of the above-captioned bankruptcy estate ("**Former Chapter 7 Trustee**"), and Fabian VanCott (collectively, "**Objecting Parties in Interest**"), both of whom are parties in interest by reason of having asserted administrative expense claims against the bankruptcy estate, pursuant to and to the extent permitted by Rules 4003(b) and 1019(2) of the Federal Rules of Bankruptcy Procedure, hereby object to Debtors, David Christensen and JoAnn Hall Christensen's ("**Debtors**") claimed homestead exemption. In support of this objection, the Trustee asserts as follows:

1. The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 19, 2015 (the "**Petition Date**"). Gary E. Jubber was thereafter appointed as the Chapter 7 Trustee.

2. The meeting of creditors in the Chapter 7 case was held on November 19, 2015.

3. On their Schedule A, the Debtors listed residential real property located at 6358 Jamestown Court, Murray, UT 84121 (hereinafter the "**Property**") as being owned by Debtors as joint tenants

4. On their Schedule C, the Debtors claimed a homestead exemption of $51,000.00 in the Property pursuant to Utah Code Ann. § 78B-5-503(2)(a)(ii) and § 78B-5-503(2)(b)(ii). Debtors' Schedule C further states that the "assets listed here are subject to tax lien(s): Residential real property located at 6358 Jamestown Court, Murray, UT 84121."

5. On December 18, 2015, the Former Chapter 7 Trustee filed an objection to the homestead exemption [Dkt. No. 15] on the grounds that there is no equity in the Property to which the Debtors' claimed homestead exemption can attach.

6. On March 1, 2016, the Court entered an Order overruling the Former Chapter 7 Trustee's objection to the Debtors' homestead exemption. [Dkt. No. 39]. The Former Chapter 7 Trustee appealed that Order to the District Court, where the appeal is pending as Civil No. 2:16-cv-00216-JNP-DBP.

7. The above-entitled bankruptcy case was converted to one under Chapter 13 on April 25, 2016.

8. The Debtors have filed a Motion to Dismiss the Former Chapter 7 Trustee's appeal of the Order overruling their objection to the homestead exemption in which they argue, in part, that the Former Chapter 7 Trustee's appeal is an impermissible appeal of a non-final

interlocutory order because conversion of the Debtors' bankruptcy case to one under Chapter 13 triggers a new 30-day window following the Chapter 13 meeting of creditors.

9. The meeting of creditors following conversion to Chapter 13 was held June 3, 2016.

10. Although the Objecting Parties in Interest question whether conversion of the case to Chapter 13 did create a new 30-day window for objecting to exemptions in this case, in an effort to preserve the issue of whether the Debtors are entitled to a homestead exemption should the Debtors' argument that converting to Chapter 13 creates a new window for objecting to exemptions be correct, the Objecting Parties in Interest hereby object to the homestead exemption on the basis that given the debt secured by a trust deed in favor of Zions Bank (as set forth in the Debtors' Schedule D) and the tax liens in favor of the Internal Revenue Service and the Utah State Tax Commission, the Debtors have no equity in the Property to which any exemption might attach. The Debtors' claim to a homestead exemption in the Property is ephemeral. Accordingly, Debtors are not entitled to claim a homestead exemption in the Property.

11. The Trustee further objects on the grounds that the Debtors cannot claim an exemption under both subparts of Utah Code Ann. § 78B-5-503(2)(a)(i) and (ii).

WHEREFORE, the Objecting Parties in Interest request that this Court enter an order sustaining their objection and disallowing the Debtors' claimed homestead exemption in the Property in its entirety.

DATED this 1st day of July, 2016.

        /s/ Douglas J. Payne
        Gary E. Jubber
        Douglas J. Payne
        FABIAN VANCOTT
        *Attorneys for Gary E. Jubber, Former Chapter 7 Trustee, and Fabian VanCott*

## CERTIFICATE OF SERVICE

I certify that on the 1st day of July, 2016, I electronically filed the foregoing

**OBJECTION TO DEBTORS' HOMESTEAD EXEMPTION** which shall be served to the

parties and in the manner designated below:

By Electronic Service: I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Application through the CM/ECF system:

    David P. Billings    dbillings@fabianvancott.com, aclark@fabianvancott.com
    Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
    Lon Jenkins tr    ecfmail@ch13ut.org, lneebling@ch13ut.org
    Gary E. Jubber tr    gjubber@fabianvancott.com, UT07@ecfcbis.com;mparks@fabianvancott.com;mdewitt@fabianvancott.com
    Boris Kukso    boris.kukso@usdoj.gov, western.taxcivil@usdoj.gov
    Douglas J. Payne    dpayne@fabianvancott.com, mdewitt@fabianvancott.com;smcnett@fabianvancott.com
    Daniel D. Price    daniel.price2@usdoj.gov, emily.goodman@usdoj.gov
    Paul James Toscano    ptoscano@expresslaw.com
    United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

        /s/ Douglas J. Payne

4817-0763-9604, v. 1